IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/<br>　　　　　Respondent,<br><br>　vs.<br><br>LEO SOYOZA-CENIN,<br><br>　　　　　Defendant/<br>　　　　　Movant. | No. CR-F-01-5421 REC<br><br>ORDER DENYING MOTION TO RE-OPEN (Doc. 118) AND DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 119) |

　　On January 4, 2006, movant Leo Soyoza-Cenin, proceeding in pro per, filed a motion to re-open this criminal matter and a motion for appointment of counsel. Movant's motion to re-open asserts that he "has numerous points enhancement(s) considered as unconstitutional per Blakely v. Washington; Booker/Fan Fan; Ameline; U.S. Constitutional Amendment five (5) six (6) and or Sheppard v. United States."

　　Movant pleaded guilty pursuant to a written plea agreement to conspiracy to manufacture and distribute methamphetamine.

1

Movant was sentenced on December 30, 2002 to 262 months incarceration.  Movant did not file an appeal.

This court has no authority to "re-open" this criminal matter in the absence of a timely and appropriate motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, an appropriate motion for reduction of term of imprisonment pursuant to 18 U.S.C. § 3582(c), or an appropriate motion pursuant to Rule 35, Federal Rules of Criminal Procedure.

Because the court concludes that movant is not entitled to file any motion under these provisions, the court will not recharacterize movant's motion and grant him leave to amend.

Movant cannot proceed with his claim under Section 2255 because such a motion would not be timely and may have been barred by the terms of the plea agreement.  Furthermore, even if movant could file a Section 2255 motion, he would not be entitled to relief.  Neither United States v. Booker nor Blakely v. Washington are retroactively applicable to cases on collateral review.  Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).

Movant cannot proceed pursuant to Section 3582(c) because Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

Movant cannot proceed pursuant to Rule 35 in the absence of a motion by the government within the time set forth in the rule.

2

ACCORDINGLY:

1. Movant's motion to re-open is denied.

2. Movant's motion for appointment of counsel is denied.

IT IS SO ORDERED.

**Dated:   January 10, 2006**          /s/ Robert E. Coyle
668554                                 UNITED STATES DISTRICT JUDGE