# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEO SOYOZA-CENIN,<br><br>　　　　　　Defendant. | CASE NO. 1:01-CR-05421-(2)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(ECF No. 122) |

Before the Court is Petitioner Leo Soyoza-Cenin's[1] *pro se* motion to reduce his sentence under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines.[2] (ECF No. 122). The Amendment revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Federal Defender's Office declined to supplement the motion. (ECF No. 125). The Government opposes the motion on the basis that Petitioner is not eligible for a reduction under § 1B1.10. (ECF No. 126). Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court denies the motion.

---

[1] Petitioner filed his motion under the name Leo Soyoza-Cenin, and is apparently identified this way while incarcerated, despite the Court's finding on December 16, 2002, that his true name is Antonio Mercado-Vasquez. *See* ECF No. 69.
[2] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I. BACKGROUND

Subsequent to a two-count indictment (ECF No. 14), Petitioner pleaded guilty to Count One, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) Conspiracy to Manufacture and Distribute Methamphetamine (Count One). *See* ECF Nos. 61, 62; *see* PSR ¶¶ 1, 2, 15.

Prepared by the U.S. Probation Office, the PSR found the amount of drugs attributed to Petitioner was 42.4 kilograms of a mixture containing methamphetamine. *See* PSR ¶¶ 7, 12. Pursuant to § 2D1.1(a)(5)(iii), Petitioner's base offense level was 30 (based on the amount of drugs involved in the case) and his criminal history was category V (based on 12 criminal history points). *See id.* at ¶¶ 12, 36-38. Pursuant to § 2D1.1(b)(5)(A), because the offense involved the unlawful discharge of a toxic substance into the environment or the unlawful disposal of hazardous waste, the PSR found appropriate a two-level increase, for an adjusted offense level of 32. *See id.* at ¶ 13. The PSR found appropriate a two-level decrease under § 3B1.2(b) due to his minor role in the offense, *see id.* at ¶ 15, and further found that due to his criminal history, rather than under §2D1.1, Petitioner should be sentenced under the Career Offenders and Criminal Livelihood section of the Federal Sentencing Guidelines Manual, U.S.S.G. § 4B1.1, thus enhancing his offense level to 37 and criminal history category to VI. *See id.* at ¶¶ 16, 38. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 34. *See id.* at ¶¶ 18, 19. The Guidelines range for a defendant with an offense level of 34 and a criminal history category VI was 262 to 327 months. *See id.* at ¶ 49; U.S.S.G. Ch. 5, Pt. A; § 2D1.1.

On December 30, 2002, adopting the PSR and accepting the plea agreement, the Court imposed a sentence of 262 months in custody; a sixty-month term of supervised release (to be unsupervised if deported); and, a mandatory $100 penalty assessment. *See* ECF Nos. 73, 74.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed."' *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[3] *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

## III.   DISCUSSION

Petitioner requests a reduction in his sentence under Amendment 782, enumerated in § 1B1.10(d). Petitioner argues that he is entitled to a reduction in sentence pursuant to the Amendment and asks for a reduction in sentence to "what sentence would have been imposed had the retroactive amendment been in effect at the time the defendant was sentenced." ECF no. 122 at 3. He also argues for a reduction based on § 3553(a) factors. *Id.*

---

[3] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

3

The Sentencing Commission's constraint on a sentencing court's authority to modify a sentence informs the step-one inquiry of whether a defendant is eligible for a reduction of sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a reduction of sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

The Court turns to whether the Amendment has effect on this Petitioner's guideline range. Generally, the Amendment modifies § 2Dl.l's Drug Quantity Table to lower base offense levels by two points for most federal drug traffic offenders. Amendment 782, U.S.S.G. § 1B1.10. Reductions in sentencing are available for those defendants sentenced under the amended § 2D1.1 sentencing provision. *See* Amendment 782. However, it is a matter of settled law in the Ninth Circuit that "retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because, as we said the two sentencing schemes are mutually exclusive." *U.S. v. Charles,* 749 F.3d 767, 770 (9th Cir. 2014) (internal citations and quotation marks omitted). Because a sentence imposed against a "career offender" for a drug offense is calculated under U.S.S.G. § 4B1.1, such a sentence "cannot have been 'based on' a sentence range calculated under the § 2D1.10 drug amount table." *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

Here, Petitioner Soyoza-Cenin was sentenced as a career offender pursuant to § 4B1.1. PSR ¶ 31. Soyoza-Cenin's career-offender status caused his sentence to be based on § 4B1.1—and not § 2Dl.l, the provision changed by Amendment 782. Because Petitioner's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court does not have the authority to reduce Petitioner's sentence. *See United States v. Charles,* 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders."); *see, e.g., Zeich v. United States,* Civ. No. 1:93-CR-05217 LJO, 2014 WL 6774878, at *2 (E.D. Cal. Nov.10, 2014) (holding that a

4

defendant sentenced as a career offender was ineligible for a sentence reduction based on Amendment 782). In other words, the answer at step-one is that Soyoza-Cenin does not qualify for a sentence reduction. *See Wesson,* 583 F.3d at 731 (holding that § 4B1.1 establishes a sentencing scheme that is "mutually exclusive" of drug offender ranges calculated under § 2D1.1).

To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step-one is "No," the court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.The Court commends Petitioner on his good conduct in prison. The Court's denial of Petitioner's request is in no way a reflection of his character, but rather is a matter of law.

### IV. CONCLUSION AND ORDER

The Court concludes that Petitioner has no basis for seeking a reduction. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Leo Soyoza-Cenin's *pro se* motion to reduce his sentence (ECF No. 122) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

   Dated:   **April 26, 2016**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE