UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>LEO SOYOZA-CENIN,<br><br>Defendant-Petitioner. | CASE NO. 1:01-CR-05421-LJO<br><br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER'S<br>§ 2255 MOTION<br><br>ECF No. 132 |

### I. INTRODUCTION

On June 27, 2016, Petitioner Leo Soyoza-Cenin[1] ("Petitioner") filed a *pro se* motion, pursuant to Title 28, United States Code, Section 2255 ("Section 2255 Motion"), in which he asserts that *Johnson v. United States*, 135 S. Ct. 2551 (2015), may impact the length of his sentence. ECF No. 132. Following the Court's referral of Petitioner's motion to the Federal Defender's Office ("FDO") pursuant to Eastern District of California General Order 563 (ECF No. 133), the FDO notified the Court that it did not intend to supplement Petitioner's motion (ECF No. 136). The Government opposes Petitioner's motion. ECF No. 134. For the reasons that follow, the Court DENIES Petitioner's motion under § 2255.

---

[1] Petitioner filed his motion under the name Leo Soyoza-Cenin, and is apparently identified this way while incarcerated, despite the Court's finding on December 16, 2002, that his true name is Antonio Mercado-Vasquez. *See* ECF No. 69.

1

## II. <u>BACKGROUND</u>

On September 30, 2002, subsequent to a two-count indictment (ECF No. 14), Petitioner pleaded guilty to Count One, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), Conspiracy to Manufacture and Distribute Methamphetamine. *See* ECF Nos. 61, 62; Presentence Investigation Report ("PSR") ¶¶ 1, 2, 15.

The PSR found the amount of drugs attributed to Petitioner was 42.4783 kilograms of a mixture containing methamphetamine. *See* PSR ¶ 12. Pursuant to section 2D1.1(a)(5)(iii) of the United States Sentencing Guidelines ("USSG" or "Guidelines"), Petitioner's base offense level was 30 (based on the amount of drugs involved in the case) and his criminal history was category V (based on 12 criminal history points). *See id*. at ¶¶ 12, 36-38.  Pursuant to § 2D1.1(b)(5)(A), because the offense involved the unlawful discharge of a toxic substance into the environment or the unlawful disposal of hazardous waste, the PSR found appropriate a two-level increase, for an adjusted offense level of 32. *See id*. at ¶ 13. The PSR found appropriate a two-level decrease under § 3B1.2(b) due to his minor role in the offense. *See id*. at ¶ 15. Furthermore, the PSR found that due to his criminal history (which included two prior felony convictions for controlled substance offenses) and the fact that the underlying offense in this case is also a controlled substance offense, Petitioner should be sentenced under § 4B1.1, the Career Offenders and Criminal Livelihood section of the Guidelines (thus enhancing his offense level to 37 and criminal history category to VI). *See id*. at ¶¶ 16, 38. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 34. *See id*. at ¶¶ 18, 19. The Guidelines range for a defendant with an offense level of 34 and a criminal history category VI was 262 to 327 months. *See id*. at ¶ 49; USSG Ch. 5, Pt. A; § 2D1.1.

On December 30, 2002, adopting the PSR and accepting the plea agreement, the Court imposed a sentence of 262 months in custody; a sixty-month term of supervised release (to be unsupervised if deported); and, a mandatory $100 penalty assessment. *See* ECF Nos. 73, 74.

Petitioner did not appeal his conviction or sentence. This is his first motion under § 2255.

2

### III. LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

[2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

B. ***Johnson v. United States***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

3

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

## IV. DISCUSSION

Petitioner argues that he is entitled to a reduction in his sentence under *Johnson* and § 2255 because the Court "increased" his criminal history level on account of his possession of a firearm in his past. ECF No. 132 at 1. Aside from this contention, he provides no other legal arguments.

In its opposition, the Government argues, *inter alia*, that *Johnson* does not apply in this case because Petitioner's Guidelines calculation and sentence were based on his prior controlled substance offense convictions, not "crime of violence" convictions. ECF No. 134.

The Court agrees with the Government and finds that *Johnson* does not apply here. Pursuant to USSG § 4B1.1, a defendant is deemed a "career offender" for purposes of the Guidelines' offense level calculations if 1) he was at least eighteen years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) the defendant has a least two prior felony convictions of either a crime of violence or a controlled substance offense. In this case, it is clear from the record that the classification of Petitioner as a career offender in his Guidelines calculations did not in any way rely

upon the language that the Supreme Court invalidated in *Johnson*, which is only relevant to offenses that could be deemed "crimes of violence." *See* 18 U.S.C. § 924(3)(2)(B); *Johnson*, 135 S. Ct. at 2556-57. Therefore, *Johnson* is inapplicable to career offender enhancements that are based on controlled substance offenses. *See id.* As mentioned above, the PSR determined that the Guidelines career offender enhancement applied to Petitioner because the instant offense underlying this case is a controlled substance offense and because Petitioner had two prior felony convictions for controlled substance offenses. PSR ¶ 16. Specifically, the instant offense underlying this case was a violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Manufacture and Distribute Methamphetamine. *Id.* ¶ 1. Furthermore, Petitioner had at least two prior felony convictions for controlled substance offenses that occurred when he was an adult.[2] To be clear, the classification of Petitioner as a career offender pursuant to USSG § 4B1.1 remains valid because it was not affected by *Johnson*. *See, e.g.*, *Hernandez v. United States*, Nos. 4:16-cv-0027-EJL, 4:13-CR-00082-EJL, 2016 WL 6471438, at *3 (D. Idaho Nov. 1, 2016) ("Petitioner's prior controlled substances conviction … is not impacted by the *Johnson* decision").

Therefore, because Petitioner's criminal history was accurately computed in accordance with the Guidelines and he has asserted no other § 2255 claims, Petitioner's sentence was properly imposed[3], and the Court DENIES Petitioner's § 2255 motion.[4]

//

//

//

---

[2] On February 2, 1987, when he was 18, Petitioner pleaded guilty to Possession of Cocaine with Intent to Distribute, for which he was sentenced to twelve months and one day in prison in the Yakima County Superior Court. PSR ¶ 22. On February 21, 1995, when he was 27, Petitioner pleaded guilty to Transportation of Cocaine with Special Allegation and Possession of More than 1 Kilogram of Cocaine, for which he was sentenced to six years in prison, in Yolo County Superior Court. Id. ¶ 34.

[3] Because the Court decided this case on its merits, the Court need not address the Government's arguments regarding timeliness and procedural default.

[4] The Court acknowledges that Petitioner states in his § 2255 motion that he has made efforts towards self-improvement and rehabilitation while in prison. The Court commends Petitioner for these efforts and notes that its denial of Petitioner's § 2255 motion is not a reflection of Petitioner's character, but is a matter of law.

## **CONCLUSION AND ORDERS**

For the reasons above, the Court **DENIES** Petitioner Leo Soyoza-Cenin's § 2255 motion (ECF No. 132).

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: **February 24, 2017**          /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE